UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRES DE LEON CASTRO,<br>　　　　Petitioner,<br>v.<br><br>PATRICA HYDE, Field Office Director,<br>MICHAEL KROL, HSI New England Special Agent in Charge, and<br>KRISTI NOEM, U.S. Secretary of Homeland Security,<br>.<br>　　　　Respondents. | CA No.: 1:25-CV-11430-LTS |

**RESPONDENT'S MOTION TO DISMISS PETITIONER'S**
**PETITION FOR WRIT OF HABEAS CORPUS**

Patricia Hyde, Field Office Director, Michael Krol, HIS New England Special Agent in Charge, and Kristi Neom, United States Secretary of Homeland Security ("Respondents"), by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this motion to dismiss Andres De Leon Castro's ("Petitioner") habeas petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

Respondent responds to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases[1] and argues for dismissal for lack of jurisdiction because Petitioner's detention location was in the Southern District of Texas when he filed his habeas petition (Doc. No. 1), and he remains detained by U.S. Immigration and Customs Enforcement ("ICE") in such district currently (*See* Declaration of Assistant Field Office Director Keith Chan, ¶¶ 5, 8, attached as Exhibit A). As such, Petitioner has named the wrong respondents to this action

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response and dismissing habeas petition under Section 2254 Rules).

and has filed his habeas petition seeking release from ICE custody in the wrong district court. *See Vasquez v. Reno*, 233 F.3d 688, 690 (1st Cir. 2000) (Explaining that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the [ICE] normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Tham v. Adducci*, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (Holding that "jurisdiction lies in only one district: the district of confinement."); *Hernandez v. Lyons*, 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

As explained further, this Court should dismiss Petitioner's habeas petition because this Court lacks jurisdiction over the Petitioner.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Guatemala (Chan Decl. ¶ 6). Petitioner was placed in removal proceedings on September 8, 2023, after he was detained by United States Border Patrol near Hildago, Texas (Id.). On May 15, 2025, ERO Boston encountered and administratively arrested Petitioner, and housed him at the Plymouth County House of Correction (Id. ¶ 7). On May 20, 2025, Petitioner was transferred from Plymouth County House of Correction to Texas via a flight which departed Massachusetts at 12:45 p.m. (Id. ¶ 8). As noted by Court filing records, and as admitted before this Court by Petitioner's counsel, the habeas petition was not filed until May 20, 2025, at 4:22 p.m.

## ARGUMENT

Petitioner was not detained in the District of Massachusetts when he filed his habeas Petition and the Court therefore lacks jurisdiction over the appropriate respondent to this action

as Petitioner's custodian is in the Southern District of Texas at the Port Isabel Detention Center, Los Fresnos, Texas.

### A. This Court Lacks Jurisdiction Over the Habeas Petition.

As explained by Judge Gorton in response to a habeas petition in this court filed by an ICE detainee in custody outside of the District of Massachusetts, "[t]he question of whether the Court has jurisdiction over this matter breaks down into two sub questions: (1) Who is the proper respondent? and (2) Does this Court have jurisdiction over him or her?" *Kantengwa v. Brackett*, No. 19-CV-12566-NMG, 2020 WL 93955, at *1 (D. Mass. Jan. 7, 2020). As explained below, the proper respondent is Petitioner's immediate custodian in the Southern District of Texas at the Port Isabel Detention Center, Los Fresnos, Texas. This Court does not have jurisdiction over such individual since Petitioner is not detained in Massachusetts.

#### 1. Petitioner has Named an Improper Respondent to this Action.

The Supreme Court has explained that when considering "challenges to present physical confinement … the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 339 (2004). The Supreme Court reasoned that without this immediate custodian rule in place, the result "would be rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation 137 years ago." *Id.* at 447.

Similarly, in considering a habeas petition filed by a detainee in immigration custody, the First Circuit held that the proper respondent is the immediate custodian, *i.e.* the individual "who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690. The First Circuit explained that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by [ICE]

normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." *Id.*

Petitioner therefore named the wrong respondents in this action as he was not detained at Plymouth County Corrections Facility when he filed his habeas petition. *See Tham*, 319 F. Supp. 3d at 577 (Explaining that for an ICE habeas petitioner detained in New Hampshire, the correct respondent is the Superintendent of that facility); *Faulkner v. US. Immigr. & Naturalization,* No. CV 22-12122-WGY, 2023 WL 3868437, at *2 (D. Mass. June 7, 2023) (Holding that "the proper respondent is the warden of the institution where Faulkner was confined when the petition was filed. Because Faulkner is at the Central Maryland Correctional Facility, the proper respondent is warden at this Maryland facility."); *Kantengwa*, 2020 WL 93955 at *1 ("Because Kantengwa was at the Strafford County Detention Center at the time she filed her petition (and remains there still), the proper respondent is Warden Brackett. The other persons identified as respondents are not proper parties to this action.").

The First Circuit did acknowledge that there could be "extraordinary circumstances" in which an official with supervisory control could be named as the respondent for an ICE detainee's habeas petition. *Vasquez*, 233 F.3d at 697. For example, the *Vasquez* Court cited a case where the ICE detainee was "being detained in an undisclosed location" or envisioned a case where ICE "spirited an alien from one site to another in an attempt to manipulate jurisdiction." *Id.* But in *Vasquez*, the First Circuit found no "hint of anything that might qualify as an extraordinary circumstance" in that the petitioner was required to file his petition in the district of his confinement (Louisiana), even if that jurisdiction was considered a less hospitable judicial district for the detainee to present his claims. *Id.*

Here too, there are no extraordinary circumstances cited that make appropriate the naming of the wrong superintendent (or an ICE ERO supervisory official from Massachusetts) as the respondent to this action as ICE transferred Petitioner prior to the time his habeas petition was filed with this Court. *Tham*, 319 F. Supp. at 577 (Finding "no extraordinary facts in this case that would warrant deviating from the immediate custodian rule."). If Petitioner wished to challenge his current detention, he should have filed his habeas petition with the district court that has jurisdiction over his immediate custodian. Petitioner failed to do so, however, and therefore has named an improper respondent for this action to challenge his current detention in the Southern District of Texas.

### 2. This Court lacks jurisdiction over Petitioner's custodian at the Port Isabel Detention Center, Los Fresnos, Texas

Answering the second question posed by Judge Gorton in *Kantengwa*, this Court does not enjoy jurisdiction over this habeas petition since it lacks jurisdiction over Petitioner's immediate custodian in the Southern District of Texas at the Port Isabel Detention Center. A district court is statutorily authorized to issue a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243. Such individual holding custody must be "within [the court's] respective jurisdiction[]." *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). As explained by the First Circuit, this statutory language means "that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690.

Because Petitioner is not detained in the District of Massachusetts, this Court lacks jurisdiction over his immediate custodian at the Port Isabel Detention Center, Fresnos, Texas. Courts within this district routinely find that they do not have jurisdiction over custodians outside of the District of Massachusetts. *Tham*, 319 F. Supp. at 577 ("jurisdiction lies in only one

5

district: the district of confinement."); *Kantengwa*, 2020 WL 93955, at *2 ("Because the District of Massachusetts is not the district of Kantengwa's confinement, jurisdiction is lacking."); *Faulkner*, 2023 WL 3868437, at *2 (same); *Hernandez,* 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

## CONCLUSION

For these reasons, this Court lacks jurisdiction over the Petitioner and must therefore should dismiss the Petitioner's habeas petition.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: May 23, 2025   By:   */s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3100
Email: Rayford.Farquhar@usdoj.gov

## CERTIFICATE OF SERVICE

I, Rayford A. Farquhar, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  May 23, 2025   By:   */s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant United States Attorney

## **LOCAL RULE 7.1 CERTIFICATION**

I, Rayford A. Farquhar, hereby certify that pursuant to L.R. 7.1(a)(2), that during the Status Hearing before this Court on Wednesday, May 21, 2025 at 10:30 a.m., I informed the Court and counsel for Petitioner that I would file a motion to dismiss based on the arguments presented herein.

Dated:  May 23, 2025                           By:     */s/ Rayford A. Farquhar*
                                                       Rayford A. Farquhar
                                                       Assistant U.S. Attorney